UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIO L. HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>RON HAYNES, *et al.*,<br><br>            Defendants. | CASE NO. 3:19-cv-05698-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: April 24, 2020 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules 1, 3, and 4.

Plaintiff asserts that various medical providers at the Stafford Creek Corrections Center ("SCCC") violated the Eighth Amendment based on an incident in which corrections staff allegedly confiscated plaintiff's antibiotic prescription, causing him to need surgery. Defendant Michael Furst, the doctor who ordered the confiscation, moves for summary judgment dismissal of the claims against him. Because there is no genuine issue of material fact that defendant Furst

REPORT AND RECOMMENDATION - 1

1 was unaware that plaintiff had an antibiotic prescription and meant to confiscate only plaintiff's
2 psychotropic medications, plaintiff's claim of deliberate indifference against defendant Furst
3 fails as a matter of law. Defendant Furst's summary judgment motion should be granted.

## FACTS

### I. Complaint and Attachments

Plaintiff, who proceeds *in forma pauperis* in this matter (*see* Dkt. 4), brings a suit for damages against a variety of Department of Corrections ("DOC") medical providers, including defendant Furst, for deliberate indifference to his serious medical needs. *See* Dkt. 6, at 3.

As relevant to the suit against defendant Furst, plaintiff states in an affidavit attached to his complaint that on March 9, 2019, two corrections officers came to plaintiff's cell and seized his medications, including the antibiotics, which had been prescribed for plaintiff's arm infection. Dkt. 6, at 5. Plaintiff asserts that one of the corrections officers specifically told plaintiff that they were acting on defendant Furst's instructions to take all of plaintiff's medications. Dkt. 6, at 5. Plaintiff was later unable to retrieve his pills at "pill line," despite being told by the corrections officers that he would be able to retrieve his antibiotics there. Dkt. 6, at 5. Three days later, plaintiff asserts that another doctor said that his antibiotics "never should have been confiscated[.]" Dkt. 6, at 6. Plaintiff ultimately required surgery for his arm. Dkt. 6, at 6.

Plaintiff attaches to his complaint a copy of his initial grievance, the response to which stated that defendant Furst had directed taking all of plaintiff's "keep on person" medications. Dkt. 6, at 12. The level II response to plaintiff's grievance explained that Dr. Furst had reviewed plaintiff's charts, had concerns about plaintiff's psychotropic medication prescriptions, and had

1  therefore ordered those medications to be retrieved and for the prescriptions to be adjusted.  Dkt.
2  6, at 15.

3  **II.  Furst Summary Judgment Motion**

4  In February 2020, defendant Furst filed a summary judgment motion, including a notice
5  of dispositive motion as required by *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997).  *See* Dkts.
6  24, 25.  The notice specifically informed plaintiff that failure to respond to the summary
7  judgment motion could result in plaintiff's case being dismissed without a trial.  *See* Dkt. 25, at
8  2.

9  In support of his summary judgment motion, defendant Furst provided his initial
10 psychiatric assessment of plaintiff, dated April 12, 2019.  Dkt. 26-1.  Defendant Furst believed
11 that there was "an ulterior motive" for seeking mental health treatment and noted that he had
12 instructed staff to retrieve plaintiff's psychotropic medications from his possession.  Dkt. 26-1.
13 Defendant Furst "subsequently adjusted his prescriptions to pill line and [plaintiff] was
14 noncompliant and these prescriptions were discontinued."  Dkt. 26-1.  Defendant Furst's
15 assessment notes that plaintiff had a recent abscess but includes no reference to antibiotics.  *See*
16 Dkt. 26-1.

17 Plaintiff did not respond to the summary judgment motion.  The matter is now ripe for
18 decision.

19 **DISCUSSION**

20 Defendant Furst requests summary judgment in his favor on the basis that there is no
21 genuine issue of material fact regarding deliberate indifference.  *See* Dkt. 24, at 7.  The Court
22 agrees, as set forth below.

23 **I.  Summary Judgment and Deliberate Indifference Legal Principles**

24

1	Summary judgment is appropriate if a moving party shows that "there is no genuine
2	dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.
3	R. Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the
4	substantive law under which the claims are brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
5	242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the governing
6	law will not be considered. *Id.*

7	When presented with a motion for summary judgment, the court must review the
8	pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S.
9	at 255 (citation omitted), and "a pro se complaint will be liberally construed. . . ." *Pena v.*
10	*Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976))
11	(other citation omitted). Once the moving party has carried its burden under Fed. R. Civ. P. 56,
12	the party opposing the motion must do more than simply show that there is some metaphysical
13	doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586
14	(1986). The opposing party cannot rest solely on his pleadings but must produce significant,
15	probative evidence in the form of affidavits, and/or admissible discovery material that would
16	allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50.

17	However, weighing of evidence and drawing legitimate inferences from facts are jury
18	functions and not the function of the court. *See United Steel Workers of Am. v. Phelps Dodge*
19	*Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989). And if the moving party has not met its burden on
20	summary judgment, the Court will not grant the motion—even if there is no opposition to the
21	motion. *See Henry v. Gill Inds.*, 983 F.2d 943 950 (9th Cir. 1993) ("Summary judgment may be
22	resisted and must be denied on no other grounds than that the movant has failed to meet its
23	burden of demonstrating the absence of triable issues.").

24

REPORT AND RECOMMENDATION - 4

1    The elements that a prisoner-plaintiff must establish to prevail on a claim of deliberate

2 indifference to serious medical needs are well established. In the medical context, "an

3 inadvertent failure to provide adequate medical care cannot be said to constitute an necessary and

4 wanton infliction of pain. . . ." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (internal quotation

5 omitted). Thus, neither medical malpractice nor negligence, standing alone, violate the Eighth

6 Amendment. *Id.* Rather,

7      a prison official cannot be found liable under the Eighth Amendment for denying
an inmate humane conditions of confinement unless the official knows of and
8      disregards an excessive risk to inmate health or safety; the official must both be
aware of facts from which the inference could be drawn that a substantial risk of
9      serious harm exists, and he must draw the inference.

10 *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

11    **II. Analysis**

12    Defendant has come forward with evidence that he was at most, negligent when he

13 directed corrections officers to confiscate plaintiff's medications—including his antibiotics.

14 According to his psychiatric assessment on April 12, 2019, defendant Furst knew that plaintiff

15 had arrived at SCCC with prescriptions for psychotropic medications, had concerns about the

16 amount of psychotropic medications being prescribed, and ordered removal of those

17 psychotropic medications to determine whether his prescriptions needed adjustment. Dkt. 26-1.

18 Therefore, by ordering that all of plaintiff's medications be confiscated, to his knowledge,

19 defendant Furst would have been directing confiscation of only psychotropic medications. Upon

20 review of the medications, defendant Furst readjusted plaintiff's prescriptions. Dkt. 26-1. Thus,

21 defendant Furst has come forward with evidence supporting his assertion that he is not liable

22 because he was at most negligent when he ordered plaintiff's medications to be confiscated,

23 since he did not know that plaintiff had recently been prescribed antibiotics. *See* Dkt. 24, at 8.

24

REPORT AND RECOMMENDATION - 5

1   Although plaintiff does not respond to defendant Furst's summary judgment motion, the
2   undersigned has reviewed plaintiff's allegations and submissions carefully and finds that plaintiff
3   has not submitted any evidence from which a reasonable trier of fact could find in his favor.
4   Although the corrections officers allegedly told plaintiff that defendant Furst instructed them to
5   take all of plaintiff's medications (Dkt. 6, at 5), plaintiff provides no evidence to contradict that
6   defendant Furst was unaware that plaintiff had recently been prescribed antibiotics.  The level II
7   grievance response that plaintiff provides in fact supports defendant Furst's account:

> While this was requested by Dr. Furst to monitor medication compliance for psychotropic prescriptions, unfortunately the antibiotic prescribed by Dr. Herrington was obtained at the same time and not redistributed back to you. =

10  Dkt. 6, at 15.
11      In short, there is no dispute in the evidence that defendant Furst inadvertently requested
12  all of plaintiff's medications, not knowing that plaintiff had antibiotics, as well, and intending to
13  confiscate only plaintiff's psychotropic medications.  Moreover, because a medical
14  professional's mere negligence does not amount to deliberate indifference, defendant Furst is
15  entitled to judgment as a matter of law.  *See Estelle*, 429 U.S. at 105.

## CONCLUSION

17  Defendant Furst's summary judgment motion (Dkt. 24) should be granted, and plaintiff's
18  claims against defendant Furst should be dismissed with prejudice.
19      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
20  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
21  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
22  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
23  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
24

1*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 24, 2020** as noted in the caption.

Dated this 3rd day of April, 2020.

J. Richard Creatura
United States Magistrate Judge