UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIO L. HARRIS,

          Plaintiff,

v.

RON HAYNES, *et al.*,

          Defendants.

CASE NO. 3:19-cv-05698-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 7, 2020

The District Court has referred this matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A)–(B).

Plaintiff, who is a prisoner proceeding *pro se* and *in forma pauperis*, alleges claims against eleven[1] defendants under 42 U.S.C. § 1983 for deliberate indifference related to confiscation of his medications while he was imprisoned, causing his injury to worsen. The remaining defendants have filed a motion requesting summary judgment dismissal of plaintiff's

---

[1] Claims against a twelfth defendant—defendant Furst—have been dismissed with prejudice. Dkt. 30.

REPORT AND RECOMMENDATION - 1

claims against them. Plaintiff's evidence and contentions of his complaint made on personal knowledge amount to, at most, evidence that two defendants mistakenly believed that plaintiff would be able to retrieve his medications after they were confiscated. Because none of plaintiff's evidence, even viewed in the light most favorable to him, establishes that defendants were deliberately indifferent to his medical needs, the claims against the remaining defendants should be dismissed with prejudice and this matter should be closed.

## BACKGROUND

**I. Allegations of Complaint**

Plaintiff alleges that in 2019, while he was incarcerated at Stafford Creek Corrections Center ("SCCC"), defendant Harrington, an SCCC doctor, prescribed plaintiff with antibiotics for an infection on his arm. Dkt. 6, at 5. The antibiotics prescription was allegedly prescribed as "Keep on Person." Dkt. 6, at 5.

Plaintiff alleges that two days later, defendants Martin and Garcia (SCCC corrections officers) came to his cell and confiscated all of his medication: his mental health medications and his antibiotics. Dkt. 6, at 5. Plaintiff claims that he told defendants Martin and Garcia that he needed the antibiotics for his arm but that they told him Dr. Furst directed them to take "all" of plaintiff's medications and that he would be able to retrieve his antibiotics from "pill line." Dkt. 6, at 5. Plaintiff filed a grievance, to which prison authorities responded that his medications would be available for him to pick up at pill line and that defendants Martin and Garcia were merely following directions given by Dr. Furst and defendant Richardson. Dkt. 6, at 11–12.

Plaintiff states that he was not, in fact, able to get his antibiotics back from pill line. Dkt. 6, at 5. He does not elaborate why he was unable to obtain his pills or specify how any particular defendant was responsible for the failure to return his medications at pill line.

Plaintiff alleges that his arm injury then worsened, forcing him to return to defendant Harrington three days later, and that defendant Harrington said that plaintiff's antibiotics should "never" have been confiscated. Dkt. 6, at 6. Defendant Harrington prescribed stronger antibiotics, but, three days later, defendant Wilson had plaintiff admitted to the medical facility unit because his injury had continued to worsen. *See* Dkt. 6, at 6. Plaintiff alleges that he ultimately required surgery for his arm. Dkt. 6, at 6. According to plaintiff, defendants Wilson and Lystad participated in removing staples in his arm. Dkt. 6, at 6.

**II. Defense Motions and Plaintiff's Failure to Respond**

Plaintiff has not filed anything in this matter since his *in forma pauperis* application in August 2019. *See* Dkt. 4. In January 2020, after the Court directed service of the complaint, defendant Furst moved for summary judgment dismissal of all claims against him. Dkt. 21. The Court granted the motion, finding that there was no genuine issue of material fact that defendant Furst was unaware "that plaintiff had an antibiotic prescription and meant to confiscate only plaintiff's psychotropic medications." *See* Dkt. 28, *report and recommendation adopted by* Dkt. 30.

Plaintiff did not file a response to defendant Furst's summary judgment motion or objections to the report and recommendation. *See* Dkt. The report and recommendation was returned to the Court based on plaintiff's transfer to a different institution. *See* Dkt. 29. The Court updated the docket with plaintiff's new address and has since mailed copies of the Order on defendant Furst's summary judgment motion and the Order reassigning the case to a different

1  District Court judge to plaintiff's new address. *See* Dkts. 30, 34. Neither of the documents sent
2  to plaintiff's new address have been returned to the Court as undeliverable. Nor has plaintiff
3  advised the court of any further change of address, as he is required to do if he wishes documents
4  to be sent to a different address. *See* Local Civil Rule 41(b)(2).

5  The remaining defendants in this matter have now filed a motion to dismiss (Dkt. 31) and
6  an "amended motion to dismiss" that includes arguments under both Rule 12(b)(6) and Rule 56
7  (Dkt. 32). Defendants have also concurrently filed a notice to plaintiff stating that, among other
8  things, if a motion to dismiss or a summary judgment motion is granted, it will "end your case."
9  Dkt. 33, at 1. Defendants have sent copies of their "amended motion to dismiss" and their notice
10 to plaintiff to plaintiff's new mailing address. *See* Dkts. 32-1, at 3; 33, at 3. Nonetheless,
11 plaintiff has filed no response to the amended motion to dismiss, and the motion is now ripe for
12 decision.

13 **DISCUSSION**

14 **I. Motion to Dismiss**

15 As noted, defendants have filed two motions to dismiss on the same day, one of which
16 they titled an "amended motion to dismiss." Dkts. 31, 32. An amended motion supersedes the
17 original motion in all respects and renders the original motion moot. *See, e.g.*, *In re CMS Energy*
18 *Sec. Litig.*, 236 F.R.D. 338, 339 n.2 (E.D. Mich. 2006); *Lexington Ins. Co. v. Rolison*, 434 F.
19 Supp. 2d 1228, 1230 n.1 (S.D. Ala. 2006).

20 Defendants' amended motion to dismiss renders their first motion to dismiss (Dkt. 31)
21 moot. The first motion to dismiss (Dkt. 31) should be denied as moot.

22 **II. Amended "Motion to Dismiss"**

23 **A. Summary Judgment Motion**

24

1    In their amended "motion to dismiss," defendants include arguments under both Federal
2 Rules of Civil Procedure 12(b)(6) and 56. The Court finds that defendants' Rule 12(b)(6)
3 arguments are too vague to be persuasive and instead addresses the primary basis for the motion:
4 that the case should be dismissed under Rule 56 because plaintiff fails to provide evidence in
5 support of his claims. *See* Dkt. 32, at 1–2.

6    In reaching this conclusion, the undersigned is mindful that where a motion filed solely
7 under Rule 12(b)(6) is converted by the Court to a summary judgment motion, "parties must be
8 given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R.
9 Civ. P. 12. The Ninth Circuit has held that "[d]istrict courts must take care to insure that *pro se*
10 litigants are provided with proper notice regarding the complex procedural issues involved in
11 summary judgment proceedings" and that "where the non-moving party is appearing *pro se,* the
12 notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under
13 Rule 12(b)(6) is converted into one for summary judgment." *Garaux v. Pulley*, 739 F.2d 437,
14 439–40 (9th Cir. 1984).

15    Here, however, the Court is not converting the motion, which defendants filed clearly
16 citing both Rules 12(b)(6) and 56. *See* Dkt. 32. Instead, the Court recommends denying the
17 portion of the motion that is a motion to dismiss under Rule 12(b)(6) and, for the reasons stated
18 below, granting the portion that is a summary judgment motion under Rule 56. Plaintiff would
19 have been well aware that defendants sought summary judgment dismissal of his claims—an
20 argument to which defendants devote the majority of their motion—and defendants' notice of
21 dispositive motion squarely apprised plaintiff that he could not simply rely on the allegations in
22 his complaint, but needed to provide evidence to support his claims. *See* Dkt. 33, at 2. Thus, the
23
24

"amended motion to dismiss" clearly was in part, a summary judgment motion, and *Garaux* does not require the Court to "convert" the motion and provide additional notice to plaintiff.

### B. Summary Judgment Standards

Summary judgment is appropriate if a moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.*

Where there is a complete failure of proof concerning an essential element of the non-moving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed. . . ." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative

1  evidence in the form of affidavits, and/or admissible discovery material that would allow a
2  reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50.  However,
3  weighing of evidence and drawing legitimate inferences from facts are jury functions, and not
4  the function of the court. *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d
5  1539, 1542 (9th Cir. 1989).  And if the moving party has not met its burden on summary
6  judgment, the Court will not grant the motion—even if there is no opposition to the motion.  *See*
7  *Henry v. Gill Inds.*, 983 F.2d 943 950 (9th Cir. 1993) ("Summary judgment may be resisted and
8  must be denied on no other grounds than that the movant has failed to meet its burden of
9  demonstrating the absence of triable issues.").
10       Plaintiff's complaint was signed under penalty of perjury and is being considered as
11  evidence.  Dkt. 9, at 29.  Because plaintiff is *pro se*, the Court "must consider as evidence in his
12  opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings,
13  where such contentions are based on personal knowledge and set forth facts that would be
14  admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents
15  of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir.
16  2004).

### C.  Plaintiff's Deliberate Indifference Claims

18       Plaintiff's claims of deliberate indifference require a showing that "prison officials,
19  acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious
20  damage to his future health." *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (internal citation
21  omitted).  Deliberate indifference means that an official both "knows of" and "disregards an
22  excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.
23  2004) (internal quotation omitted).  Under this standard, the prison official must not only "be
24

1  aware of facts from which the inference could be drawn that a substantial risk of serious harm

2  exists," but that official "must also draw the inference." *Farmer*, 511 U.S. at 837.

3  　　In addition to showing a violation of a constitutional right, an element of a claim under

4  42 U.S.C. § 1983 is that a defendant "subject[ed]" plaintiff or "cause[d] [plaintiff] to be

5  subjected" to the deprivation.  "A person 'subjects' another to the deprivation of a constitutional

6  right, within the meaning of section 1983, if he does an affirmative act, participates in another's

7  affirmative acts, or omits to perform an act which he is legally required to do that causes the

8  deprivation of which complaint is made. *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir.

9  1978).

10  　　As noted above, plaintiff has not filed any response to defendants' amended motion,

11  although they have apprised plaintiff that he must respond to a summary judgment motion with

12  supporting documentation and that if the motion is granted, it will end his case.  *See* Dkt. 33.

13  Although plaintiff has not responded to the arguments for summary judgment dismissal, the

14  undersigned has reviewed plaintiff's complaint, which is signed under penalty of perjury, and his

15  attachments to the complaint.  The undersigned finds that for the reasons discussed below, even

16  taking these materials as true, plaintiff has provided no evidence from which a trier of fact could

17  find in plaintiff's favor.

18  　　Plaintiff names a number of defendants without listing any allegations that they

19  participated in the alleged constitutional deprivations.  Namely, although plaintiff lists Ron

20  Haynes (the SCCC superintendent), Robert Ferguson (the Washington State Attorney General),

21  Nurse Creswell, and Lieutenant Rubalcaba as defendants, his complaint contains no particular

22  allegations of how these defendants caused or participated in causing the alleged constitutional

23  deprivations.  Although defendant Haynes signed one of plaintiff's grievances, this does not

24

REPORT AND RECOMMENDATION - 8

establish that defendant Haynes personally participated in the events regarding plaintiff's medications. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that a supervisor is not responsible for subordinates' actions under a theory of supervisory liability in a § 1983 matter). Because plaintiff fails to provide any evidence that would tend to support that these defendants participated in the alleged constitutional deprivations, the Court should dismiss the claims against these defendants with prejudice.

Plaintiff also names defendants who participated in his treatment but provides no evidence from which a trier of fact could conclude that these defendants were deliberately indifferent to his medical needs. Namely, plaintiff lists defendants Harrington, Wilson, and Lysted—providers who allegedly treated plaintiff's arm or prescribed him antibiotics for his infection. *See* Dkt. 6, at 5–7. Plaintiff provides no evidence from which a trier of fact could conclude that these defendants disregarded a risk of harm to him, so that his claims against these defendants for deliberate indifference should be dismissed with prejudice.

Plaintiff also names defendant Richardson, who, according to a grievance attached to plaintiff's complaint, relayed defendant Furst's message that plaintiff's medications should be taken. *See* Dkt. 6, at 13. The Court has already reviewed plaintiff's complaint and attachments in the light most favorable to plaintiff and has found no evidence from which a rational trier of fact could find that defendant Furst acted with deliberate indifference. Even if plaintiff's allegations were accepted by a rational trier of fact as true, then Furst's (and thus Richardson's) actions could, at most, be negligent—not deliberately indifferent. *See* Dkt. 30.

Plaintiff lists the SCCC as a defendant in his lawsuit. *See* Dkt. 6, at 3. However, an arm of the state (such as a state prison) is immune from suit in federal court under the Eleventh

REPORT AND RECOMMENDATION - 9

Amendment. *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017). Therefore plaintiff's claims against SCCC should be dismissed with prejudice.

Finally, plaintiff brings claims against the corrections officers (defendants Garcia and Martin) who allegedly took his medications. The Court has construed plaintiff's evidence attached to his complaint and the contentions of his complaint made based on plaintiff's personal knowledge, all in the light most favorable to plaintiff. Even so, however, plaintiff fails to provide any evidence that defendants Garcia and Martin acted with deliberate indifference. Under plaintiff's version of events, these defendants believed that plaintiff would be able to retrieve his antibiotics from pill line—plaintiff alleges that he told the corrections officers that he needed his antibiotics and that defendant Martin told plaintiff that he could retrieve his antibiotics from pill line. *See* Dkt. 6, at 5. There is no evidence that the corrections officers knew that plaintiff would not, in fact, be able to retrieve his pills later. Therefore, plaintiff cannot show deliberate indifference and his claims against defendants Martin and Garcia should be dismissed with prejudice.

### III. *In Forma Pauperis* On Appeal

If the Court adopts the report and recommendation, it should also revoke plaintiff's *in forma pauperis* ("IFP") status for purposes of any appeal. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here

1 | plaintiff failed to come forward with any evidence or argument in response to defendants'
2 | motion, so that the district court should certify that an appeal would not be taken in good faith.

## CONCLUSION

For the reasons set forth above, the Court recommends that the motion to dismiss (Dkt. 31) be denied, the "amended motion to dismiss" (Dkt. 32) be granted in part and denied in part, and all of plaintiff's remaining claims be dismissed with prejudice. Plaintiff's *in forma pauperis* status should be revoked for purposes of appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 7, 2020** as noted in the caption.

Dated this 16th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge